## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

WILLIE YARBROUGH,
    PLAINTIFF,

v.                               CIVIL ACTION NO.:

REDDY ICE, LLC
    DEFENDANT .
_____/

## COMPLAINT

Plaintiff, Willie Yarbrough, (hereinafter referred to as the "Plaintiff" or "Yarbrough"), by and through his undersigned attorney, sues the defendant, Gulf Cable, LLC., (hereinafter referred to as the "Defendant" or "Reddy Ice"), and alleges as follows:

### *JURISDICTION AND VENUE*

1.    Plaintiff brings this action to remedy discrimination on the basis of race, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,;* and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.    Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202127719) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100174) on December 12, 2021. The FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on July 19, 2021.

## *PARTIES*

7. Plaintiff is an African American male and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida. Plaintiff had been employed with Defendant from June 6, 2020 until his involuntary termination on September 9, 2020.

8. Defendant, Gulf Cable, LLC., is a manufacturer of specialty cable

products for companies in the renewable solar and wind energy, irrigation, electric utility distribution and transmission, oil and gas refineries and production and petrochemical markets. Defendant is licensed to do and doing business in the State of Florida. Defendant is an employer within the meaning of Title VII and §1981 as it employs in excess of 15 employees.

## FACTS

9. Plaintiff is an African American male.

10. Plaintiff was employed by Reddy Ice, LLC ("Reddy Ice") and worked as a local driver from June 6, 2020, until his unlawful termination on September 9, 2020.

11. Plaintiff was more than qualified to perform the duties of a delivery driver and did perform the duties of this position in a more than satisfactory manner and without incident.

12. Shortly after Plaintiff's hiring, he was told by Defendant that they wanted him to relocate to Panama City as a full time driver and that they would pay his moving expenses.

13. While working for Defendant, Plaintiff was subjected to racial discrimination and derogatory comments during working hours.

14. The main two individuals involved in this discrimination were Eric Stinson (white) (customer service manager) and Brian (white – lead driver).

15. These two individuals continuously made racially discriminating remarks about Plaintiff and other African Americans employees.

16. On multiple occasions, Plaintiff heard Brian and Eric Stinson make racially discriminating remarks when they believe nobody can hear them.

17. Eric Stinson found it funny to call Plaintiff a "nigga" or "black man" and did not stop when told by Plaintiff that it was offensive.

18. On other occasions, Eric Stinson, Brian and others white drivers would make fun of Plaintiff and say things such as, "come on nigga, you can do it.. you just gotta push yourself."

19. The comments and environment became so frequent and offensive, Plaintiff wrote a formal complaint, detailing all of these instances and gave it to the plant manager, James Furklin (white), whom assured Plaintiff that he would take care of it.

20. Plaintiff did not hear anything else about the complaint after that, so he called Defendant's human resources department and spoke with an HR representative about the situation and complaint given to Mr. Furklin.

21. In early September 2020, within weeks of complaining to his manager and HR, Brian, Eric and Mr. Wilson pulled Plaintiff into a meeting and notified him that his employment with Defendant was being terminated.

22. Plaintiff was subjected to disparate treatment and different terms and

conditions of her employment and was held to a different standard because of his race and was retaliated against for opposing and reporting the unlawful discrimination she was being subjected.

## *FIRST CAUSE OF ACTION*
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this complaint with the same force and effect as if set forth herein.

24. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of his race in violation of 42 U.S.C. § 1981.

25. Plaintiff is an African American male.

26. Plaintiff was more than qualified for the position of deliver driver and performed the duties and responsibilities of a deliver driver in a more than satisfactory manner.

27. Plaintiff's employment with Defendant was terminated on September 9, 2020.

28. Plaintiff was consistently subjected to racially derogatory names and comments and was treated less favorably than his Caucasian co-workers.

29. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and

until this Court grants relief.

## SECOND CAUSE OF ACTION
*(RACE RETALIATION/HOSTILE WORK ENVIRONMENT- 42 U.S.C. § 1981)*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this complaint with the same force and effect as if set forth herein.

31. Defendant has retaliated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

32. Plaintiff is an African American male.

33. Plaintiff was more than qualified for the position of deliver driver and performed the duties and responsibilities of a deliver driver in a more than satisfactory manner.

34. Plaintiff was consistently subjected to racially derogatory names and comments and was treated less favorably than his Caucasian co-workers.

35. In the weeks prior to Plaintiff's termination, he provided a formal written complaint to his manager Mr. Furklin which outlined the discrimination he was being subjected to by Mr. Eric Stinson. Plaintiff also reported the discrimination to Defendant's human resources department.

36. On September 9, 2020, only weeks after having reported the racial discrimination to his manager and Defendant's Human Resources department,

Plaintiff's employment with Defendant was terminated.

37. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### *THIRD CAUSE OF ACTION*
*(Race Discrimination-– Title VII)*

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this complaint with the same force and effect as if set forth herein.

39. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of his race in violation of Title VII.

40. Plaintiff is an African American male.

41. Plaintiff was more than qualified for the position of deliver driver and performed the duties and responsibilities of a deliver driver in a more than satisfactory manner.

42. Plaintiff was consistently subjected to racially derogatory names and comments and was treated less favorably than his Caucasian co-workers.

43. In the weeks prior to Plaintiff's termination, he provided a formal written complaint to his manager Mr. Furklin which outlined the discrimination he was being subjected to by Mr. Eric Stinson. Plaintiff also reported the discrimination to Defendant's human resources department.

44. On September 9, 2020, only weeks after having reported the racial discrimination to his manager and Defendant's Human Resources department, Plaintiff's employment with Defendant was terminated.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
### (RACE RETALIATION/HOSTILE WORK ENVIRONMENT - TITLE VII)

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 of this complaint with the same force and effect as if set forth herein.

47. Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of his race in violation of Title VII.

48. Plaintiff is an African American male.

49. Plaintiff was more than qualified for the position of deliver driver and performed the duties and responsibilities of a deliver driver in a more than satisfactory manner.

50. Plaintiff was consistently subjected to racially derogatory names and comments and was treated less favorably than his Caucasian co-workers.

51. In the weeks prior to Plaintiff's termination, he provided a formal

written complaint to his manager Mr. Furklin which outlined the discrimination he was being subjected to by Mr. Eric Stinson. Plaintiff also reported the discrimination to Defendant's human resources department.

52. On September 9, 2020, only weeks after having reported the racial discrimination to his manager and Defendant's Human Resources department, Plaintiff's employment with Defendant was terminated.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII and 42 U.S.C. § 1981;

b) Enjoining and permanently restraining those violations of Title VII and 42 U.S.C. § 1981;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole

for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

    e)    Awarding Plaintiff Front Pay in lieu of reinstatement;

    f)    Awarding Plaintiff compensatory damages;

    g)    Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

    h)    Granting such other and further equitable relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: October 8, 2021.    By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff